**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.,** | : | |
| ***Plaintiff,*** | : | |
| **v.** | : | **C.A. No.: 06-492S** |
| **GERRY CARDINALE, ROB GHEEWALLA, JACK DALY, GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS ITI, L.P., GS CAPITAL PARTNERS III OFFSHORE, L.P and GOLDMAN, SACHS & CO. VERWALTUNGS GmbH** | : | |
| ***Defendants.*** | : | |

**RESPONSE TO DEFENDANT GOLDMAN SACHS GROUP, INC.'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT**

Plaintiff North American Catholic Educational Programming Foundation, Inc. ("NACEPF") has no objection to Defendant's Motion to Extend Time.

Despite the fact that Providence counsel for the parties are familiar with each other and enjoy reputations for engaging in zealous, yet civil advocacy on behalf of their respective clients, Plaintiff takes exceptions to certain statements made in Defendant's motion. Accordingly, Plaintiff wishes to clarify the record on two points from the outset of this case.

First, Plaintiff objects to Defendant's gratuitous statement that Plaintiff's claims are "specious" due to the numerous factual allegations made in the Complaint and the fact that a related, but substantially different case, was dismissed in the Delaware Chancery Court on jurisdictional grounds. These comments have no place in a routine motion to extend, particularly where no adjudication has been made on the merits of this case by this Court or any other court.

Plaintiff has in good faith, and consistent with Rule 11 of the Federal Rules of Civil Procedure, asserted serious and substantial causes of action which are grounded in fact and existing law. Such articulated perceptions of the case by the Defendant in its initial filing should be reserved for substantive motions.

Second, although Defendant is correct that the parties discussed a proposed agreement to enable Defendant additional time to respond to Plaintiff's Complaint, counsel neglected to point out that Plaintiff requested of counsel, as a standard and corresponding courtesy and to avoid unnecessary costs, that Defendant's law firm accept service for all defendants *without waiving* and *expressly preserving* any defenses Defendants may assert to personal jurisdiction, venue or statute of limitations. Defendants were unwilling to make this accommodation, despite Plaintiff's offer to preserve such defenses.

North American Catholic Educational
Programming Foundation, Inc.
By its Attorneys,

/s/ Matthew T. Oliverio

Matthew T. Oliverio (#3372)
Christine M. Curley (#4529)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax
mto@om-rilaw.com
cmc@om-rilaw.com

Dated: December 13, 2006

**CERTIFICATION**

I hereby certify that the foregoing *RESPONSE TO DEFENDANT GOLDMAN SACHS GROUP, INC.'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT* was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorneys received service by electronic means on this 13th day of December, 2006.

| | |
|---|---|
| Brian J. Lamoureux, Esquire | William J. Dolan, III, Esquire |
| bjl@brownrudnick.com | wdolan@brownrudnick.com |

/s/ Matthew T. Oliverio