UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., | ) | No.: 1:06-cv-00492-S-LDA |
| Plaintiff, | ) | |
| v. | ) | |
| GERRY CARDINALE, ROB GHEEWALLA, JACK DALY, GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS III, L.P., GS CAPITAL PARTNERS III (OFFSHORE), L.P. and GOLDMAN, SACHS & CO. VERWALTUNGS GmbH, | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULES 12(b)(2) AND 12(b)(5) AND, IN THE ALTERNATIVE, TO STAY THE ACTION BY DEFENDANTS GS CAPITAL PARTNERS III, L.P. AND GS CAPITAL PARTNERS III (OFFSHORE), L.P.**

Defendants GS Capital Partners III, L.P. and GS Capital Partners III (Offshore), L.P., (the "Defendants"), by their undersigned counsel, hereby move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) and, in the alternative, to stay this action. In support hereof, Defendants rely upon the Memorandum of Law filed simultaneously herewith.

Pursuant to LR Cv 7(e), Defendants hereby respectfully request oral argument on this

motion. Defendants estimate the need for one (1) hour of oral argument.

Respectfully submitted,

February 13, 2007

**GS CAPITAL PARTNERS III, L.P., GS CAPITAL PARTNERS III (OFFSHORE), L.P.,**

By their Attorneys,

/s/ Brian J. Lamoureux

William M. Dolan III (#4524)
Wayne F. Dennison, *pro hac vice*
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401.276.2600
401.276.2601 Facsimile
bjl@brownrudnick.com
*Attorneys for Defendants*

OF COUNSEL:
Douglas H. Flaum, *pro hac vice*
Lara Turcik, *pro hac vice*
Elizabeth A. Walsh
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
(212) 859-8000

544550

**CERTIFICATION**

I hereby certify that, on the 13th day of February, 2007, this document was electronically filed and that it is available for viewing and downloading from the Court's ECF system by the following Filing Users:

Matthew T. Oliverio
Christine M. Curley
Oliverio & Marcaccio LLP
55 Dorrance Street
Suite 400
Providence, RI 02903

/s/ Brian J. Lamoureux

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., | ) | No.: 1:06-cv-00492-S-LDA |
| Plaintiff, | ) | |
| v. | ) | |
| GERRY CARDINALE, ROB GHEEWALLA, JACK DALY, GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS III, L.P., GS CAPITAL PARTNERS III (OFFSHORE), L.P. and GOLDMAN, SACHS & CO. VERWALTUNGS GmbH, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULES 12(b)(2) AND 12(b)(5) AND, IN THE ALTERNATIVE, TO STAY THE ACTION BY DEFENDANTS GS CAPITAL PARTNERS III, L.P. AND GS CAPITAL PARTNERS III (OFFSHORE), L.P.**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... II

INTRODUCTION .......... 1

STATEMENT OF FACTS .......... 2

ARGUMENT .......... 4

**I. THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION** .......... 5

A. No General Jurisdiction .......... 5

B. No Specific Jurisdiction .......... 8

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Asahi Metal Industry Co., Ltd. v. Superior Court of California*,
480 U.S. 102 (1987) ..... 7

*Boit v. Gar-Tec Products*,
967 F.2d 671 (1st Cir. 1992) ..... 5

*Brian Jackson & Co. v. Eximias Pharm. Corp.*,
248 F. Supp. 2d 31 (D.R.I. 2003) ..... 8

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ..... 7

*Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik GmbH*,
295 F.3d 59 (1st Cir. 2002) ..... 8

*Celta Agencies, Inc. v. Denizciliksanayi Ve Ticaret, A.S.*,
269 F. Supp. 2d 1 (D.P.R. 2003) ..... 5

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*,
290 F.3d 42 (1st Cir. 2002) ..... 6

*De La Rosa v. Phillip Morris Products, Inc.*,
975 F. Supp. 161 (D.P.R. 1997) ..... 5

*Donatelli v. National Hockey League*,
893 F.2d 459 (1st Cir. 1990) ..... 6

*Escabi v. Puerto Rico*,
2003 U.S. Dist. LEXIS 26367 (D.P.R. Feb. 20, 2003) ..... 4

*Hardy v. Ford Motor Car*,
20 F. Supp. 2d 339 (D. Conn. 1998) ..... 7

*Harlow v. Children's Hospital*,
432 F.3d 50 (1st Cir. 2005) ..... 5

*Morel v. Estate of John J. Davidson*,
148 F. Supp. 2d 161 (D.R.I. 2001) ..... 6

*Noonan v. Winston Co.*,
135 F.3d 85 (1st Cir. 1998) ..... 5

*Nowak v. Tak How Invest.*,
94 F.3d 708 (1st Cir. 1996) ........ 10

*Pappas v. Arfanas*,
712 F. Supp 307, 311 (E.D.N.Y. 1989) ........ 9

*Ramirez v. Skeete*,
671 F. Supp. 892 (D.P.R. 1987) ........ 7

*Sandstrom v. Chemlawn Corp.*,
904 F.2d 83 (1st Cir. 1990) ........ 9

*Sawtelle v. Farrell*,
70 F.3d 1381 (1st Cir. 1995) ........ 11

*Ticketmaster-New York, Inc. v. Alioto*,
26 F.3d 201 (1st Cir. 1994) ........ 10

*United Electric, Radio & Machine Workers v. 163 Pleasant St. Corp.*,
960 F.2d 1080 (1st Cir. 1992) ........ 9, 10

**STATE CASES**

*Lurie v. 8182 Maryland Associates, L.P.*,
282 Mont. 455 (Mont. 1997) ........ 9

*Mission West Properties, L.P. v. Republic Properties Corp.*,
873 A.2d 372 (Md. Ct. Spec. App. 2005) ........ 9

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(5) ........ 7

**STATE STATUTE**

R.I. R. Civ. P. 4(f)(1) ........ 7

**TREATISES**

Rest. 2d Conflict of Laws § 40 ........ 9

Defendants GS Capital Partners III, L.P. ("GS Capital Partners III") and GS Capital Partners III (Offshore), L.P. ("GS Offshore") submit this memorandum of law in support of their Motion To Dismiss the Complaint (the "Complaint" or "Compl.") Pursuant To Rules 12(b)(2) and 12(b)(5) And, In The Alternative, To Stay The Action.

## INTRODUCTION

On November 15, 2006, plaintiff filed the instant complaint against GS Capital Partners III, GS Offshore and Goldman Sachs & Co. Verwaltungs GmbH ("GS Verwaltungs") (collectively the "Goldman Shareholder Defendants"), The Goldman Sachs Group, Inc. ("GS Group") and three Goldman Sachs employees, Gerry Cardinale, Jack Daly, and Rob Gheewalla (the "Individual Defendants"), who sat on the board of directors of a company called Clearwire Holdings, Inc. While plaintiff purported to serve GS Group and the Individual Defendants on November 22, 2006, by the end of 2006 no service of the Goldman Shareholder Defendants had even been attempted. The GS Group and Individual Defendants prepared motions (1) to dismiss the complaint for lack of personal jurisdiction or alternatively for a stay and (2) to dismiss for failure to state a claim, which were filed with this Court on January 16, 2007. These motions detail the underlying facts and plaintiff's wrongful attempt to engage in inconsistent piecemeal litigation in the hope that some court, somewhere, will allow them to proceed.[1]

As the Individual Defendants and GS Group motions were being finalized, or shortly after they were filed, plaintiff finally attempted to serve GS Capital Partners and GS Offshore.

---

1 As the Court has permitted the briefing on this motion to be coordinated with the briefing on the earlier motions, we will avoid, to the extent possible, repeating herein arguments and factual background already provided to the Court. The memorandum in support of Defendants' motion to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(5) is referred to herein as "Defendants' Jurisdictional Memorandum" or "Def. Jur. Mem."

However, *no* attempt at all has been made to serve GS Verwaltungs in this action.[2] Furthermore, as Defendants addressed in the earlier motion, the Goldman Shareholder Defendants (none of which have any alleged relationship to Rhode Island and two of which are located outside the United States) are not subject to personal jurisdiction here.

## STATEMENT OF FACTS

The Goldman Shareholder Defendants: GS Capital Partners III (registered in Delaware) and GS Offshore (registered in the Cayman Islands) are investment partnerships affiliated with GS Group. GS Verwaltungs (registered in Germany) is the nominee of GS Capital Partners III (Germany), L.P., an investment partnership affiliated with GS Group (a Delaware Corporation with its principal place of business in New York). In or about March 2001, the Goldman Shareholder Defendants collectively invested approximately $47 million and became stockholders in Clearwire (a Delaware corporation, headquartered in Dallas, Texas). Compl. ¶¶ 8, 12(a).

The Master Agreement Claims: Counts I-IV of plaintiff's complaint (the "Master Agreement Claims") arise out of a Master Use and Royalty Agreement (the "Master Agreement") for use of ITFS spectrum among Clearwire and the members of an Alliance of ITFS spectrum licensees, which included plaintiff. Compl. ¶ 26; Def. Jur. Mem. at 5-6. None of the Goldman Shareholder Defendants were a party to the Master Agreement.

The C Round Financing Claims: Counts V-VIII (the "C Round Financing Claims") relate to Clearwire's August 2003 effort to raise additional capital by offering all Clearwire

---

2 The Joint Motion For Enlargement of Time to Respond, filed with this Court on January 24, 2007 ("Joint Motion") erroneously stated that service upon GS Verwaltungs was completed on or about January 17, 2007. GS Verwaltungs has not been served in the present action. While GS Verwaltungs does not officially appear in this action, in the interest of time and the comprehensive disposition of this litigation, all arguments in favor of dismissal of the claims against GS Verwaltungs, based on the present facts, are set forth herein.

shareholders the opportunity to purchase shares of a new "C Series" stock on a pro-rata basis, commensurate with their current holdings (the "C Round Financing"). Compl. ¶ 46, Def. Jur. Mem. at 6-7. The Goldman Shareholder Defendants, along with many other Clearwire shareholders, participated in the C Round Financing while plaintiff chose not to.

Prior Related Actions: The present complaint is merely the latest in a series of lawsuits arising out of the same events at issue here and raising virtually identical claims to those asserted in this complaint. A detailed history of the prior related actions (all of which were brought in the state of Delaware) is provided in the Defendants' Jurisdictional Memorandum at 7-10. At present, two of these actions are still pending in Delaware: *North Am. Catholic Educ. Programming Found., Inc. v. Gheewalla, et al.*, C.A. No. 1456-N (Del. Ch. filed June 24, 2005) (the "NACEPF Delaware Action") and *Stritzinger, et al. v. Clearwire Holdings, Inc., et al.*, C.A. No. 2337-N (Del. Ch. filed Aug. 11, 2006) (the "Stritzinger Action").

The NACEPF Delaware Action was dismissed by the Court of Chancery, a decision which NACEPF appealed. Def. Jur. Mem. at 9. In the time since the Defendants' Jurisdictional Memorandum was filed with this Court on January 16, 2007, oral argument was heard by the Delaware Supreme Court on February 12. No decision has yet been issued by the Delaware Supreme Court.

The Present Action: On November 15, 2006, with its appeal of the Court of Chancery's decision in the NACEPF Delaware Action still being briefed, plaintiff filed the present action again naming Messrs. Gheewalla, Cardinale and Daly as defendants along with GS Group and the Goldman Shareholder Defendants.[3] Although GS Group and the Individual Defendants were purportedly served in this action on or about November 22, 2006, and, in the case of the

3 The complaint was dated November 14, 2006, but was filed the next day.

Individual Defendants, again in January 2007, no attempted service (valid or invalid) had been made on the Goldman Shareholder Defendants at that time.[4]

Plaintiff attempted to serve GS Capital Partners III through service upon CT Corporation *in Delaware*, via certified mail delivered on January 8, 2007, and again by regular mail delivered to CT Corp. on January 10, 2007. Plaintiff attempted to serve GS Offshore by attempting to serve its general partner GS Advisors III, L.L.C. through service upon CT Corporation *in Delaware*, via regular mail, delivered on January 10, 2007, and again via certified mail delivered to M&C Corporate Services Ltd., the registered agent for GS Offshore in the Cayman Islands. GS Verwaltungs still has not been served in this action.

## ARGUMENT

As set forth in Defendants' Jurisdictional Memorandum and as further explained herein, this action should be dismissed for lack of personal jurisdiction over the Goldman Shareholder Defendants (*infra* Section I).[5] If not dismissed on jurisdictional grounds, for the reasons set forth in Defendants' Jurisdictional Memorandum (at 21), this Court should abstain from exercising its jurisdiction.[6]

---

4 As explained in Def. Jur. Mem. (at 11-12), service on the individual defendants was invalid.

5 Plaintiff attempted to serve both GS Capital Partners III and GS Offshore only by mail. Because the Federal Rules do not permit service by mail, and Rhode Island law permits service by mail only if the defendant is otherwise subject to personal jurisdiction in Rhode Island (R.I. R. Civ. P. 4(f)(1))—and as discussed herein there is no personal jurisdiction over these defendants—service is invalid and the claims may also be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

6 The fact that the Goldman Shareholder Defendants are not named in the NACEPF Delaware Action does not preclude this court from staying this action in its favor. *Escabi v. Puerto Rico*, 2003 U.S. Dist. LEXIS 26367, at *17 (D.P.R. Feb. 20, 2003) ("Neither does this lack of full identity [of the parties] preclude abstention under *Colorado River*.") (citation omitted); *Ramirez v. Skeete*, 671 F. Supp. 892, 894 (D.P.R. 1987) ("nowhere in *Colorado River* is identity of the parties or issues required to trigger its doctrine") (citation omitted).

## I. THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Personal jurisdiction over the Goldman Shareholder Defendants does not exist in this Court. Plaintiff has not met its burden "to prove the necessary facts to establish that defendant is indeed amenable to judicial proceedings in this forum." *Celta Agencies, Inc. v. Denizciliksanayi Ve Ticaret, A.S.*, 269 F. Supp. 2d 1, 2 (D.P.R. 2003); *see Boit v. Gar-Tec Products*, 967 F.2d 671, 675-76 (1st Cir. 1992); Def. Jur. Mem. at 13.

Jurisdiction may be general or specific. Here, plaintiff appears to claim only general jurisdiction as to the Goldman Shareholder Defendants, but fails to assert any facts to support jurisdiction under either theory.

### A. No General Jurisdiction

For general jurisdiction to exist, due process requires that (1) "the defendant must have continuous and systematic contacts with the state," (2) "the defendant's contacts with the state must be purposeful," and (3) "the exercise of jurisdiction must be reasonable under the circumstances." *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). Each of these three requirements must be separately satisfied as to *each* defendant. *See Noonan v. Winston Co.*, 135 F.3d 85, 89 (1st Cir. 1998). Plaintiff has failed to satisfy any of them.

As noted in Defendants' Jurisdictional Memorandum (at 14, n.9), the complaint contains a single conclusory allegation that the Goldman Shareholder Defendants maintained "continuous and systematic" contacts with Rhode Island. This allegation (which is dubious given plaintiff's inability to effect service of process on any of these defendants in Rhode Island) cannot establish general jurisdiction. *See De La Rosa v. Phillip Morris Products, Inc.*, 975 F.Supp. 161, 170 (D.P.R. 1997) (finding no general jurisdiction where plaintiff's claim of continuous and systematic contacts was "conclusory" in nature and "not buttressed by any facts beyond the

pleadings"). The complaint does not allege that any of the Goldman Shareholder Defendants is registered to do business in Rhode Island or maintains an office or mailing address in Rhode Island and, therefore, fails to establish general jurisdiction over these defendants. *See, e.g., Morel v. Estate of John J. Davidson*, 148 F. Supp. 2d 161, 167 (D.R.I. 2001) (finding no general jurisdiction where contact was lacking "in several key areas" since defendant did not have an office, other property, a mailing address or a phone number in Rhode Island); *Sandstrom v. Chemlawn Corp.*, 904 F.2d 83, 88-89 (1st Cir. 1990) (the defendant's contacts with the forum must "exist in sufficient abundance").[7] Because plaintiff has failed to allege any facts demonstrating "continuous and systematic contacts" with Rhode Island (and thus cannot establish the purposefulness of such contacts), there can be no jurisdiction over the Goldman Shareholder Defendants, and the court need not reach the question of whether the exercise of jurisdiction would be reasonable. *See United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1091 n.11 (1st Cir. 1992) ("The Gestalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled."); *Donatelli v. National*

---

7 Although plaintiff has not alleged such facts, whether any individual partner of GS Capital Partners or GS Offshore maintains a presence in the state of Rhode Island is irrelevant to whether there is general jurisdiction over the Shareholder Defendants here. General jurisdiction over an organization may not, without more, be predicated on general jurisdiction over a member of that organization. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 55 (1st Cir. 2002) ("in general jurisdiction cases, the association must exercise substantial influence over the member's decision to carry on the in-forum activities which constitute the relevant minimum contacts.") (citations omitted); Rest. 2d Conflict of Laws § 40 (cmt. b) ("The mere presence of one of the partners or members in the state is not a sufficient basis for the exercise of judicial jurisdiction over the partnership or association."); *Mission West Properties, L.P. v. Republic Properties Corp.*, 873 A.2d 372 (Md. Ct. Spec. App. 2005) (finding no general jurisdiction over limited partnership, despite in-state service on general partner incorporated in the forum state, where partnership "has never conducted any activity of *any* kind in [the forum state], either directly or [through it's corporate general partner]," owns no property, conducts no business and has no employees in the forum state) (emphasis in original); *Lurie v. 8182 Maryland Associates, L.P.*, 282 Mont. 455, 459-60 (Mont. 1997) (fact that a limited partner resided in the forum state did not constitute systematic and continuous contacts with that state by the limited partnership); *Pappas v. Arfanas*, 712 F. Supp 307, 311 (E.D.N.Y. 1989) ("[T]he mere fact that some of the limited partners of [the defendant] are citizens of New York . . . does not amount to 'purposeful activity' attributable to defendants in the state.") (citation omitted).

*Hockey League,* 893 F.2d 459, 465 (1st Cir. 1990) (stating that the Gestalt factors "are secondary rather than primary; unless the defendant has some cognizable contacts with the proposed forum, the court cannot assert general jurisdiction") (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-78 (1985)).

Furthermore, even if plaintiff had established minimum contacts, in light of the "Gestalt Factors" considered in the First Circuit, the exercise of jurisdiction over the Goldman Shareholder Defendants would be unreasonable.[8] For substantially the same reasons stated in Defendants' Jurisdictional Memorandum (at 18-21), each of the Gestalt Factors weighs against exercising jurisdiction over the Goldman Shareholder Defendants in Rhode Island. Indeed, the Defendants' burden of appearing is particularly significant for GS Offshore and GS Verwaltungs, both of which are not even located in the United States. *See Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994) ("The burden associated with forcing a California resident to appear in a Massachusetts court is onerous in terms of distance . . . . This burden, and its inevitable concomitant, great inconvenience, are entitled to substantial weight in calibrating the jurisdictional scales."); *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.") (plurality decision); *see also, Hardy v. Ford Motor Car*, 20 F. Supp. 2d 339, 343 (D. Conn. 1998) (in products liability action arising out of motor vehicle accident, Korean seat-belt supplier was not subject to

---

8 The "Gestalt Factors" include: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Nowak v. Tak How Invest.*, 94 F.3d 708, 717 (1st Cir. 1996) (citing *United Elec. Radio & Mach. Workers of Am.*, 960 F.2d at 1088); *see also Burger King Corp.*, 471 U.S. at 477.

jurisdiction in Connecticut in part because of the significant distance between Connecticut and Korea and the dissimilarity of their legal systems).

### B. <u>No Specific Jurisdiction</u>

For specific jurisdiction to exist over a defendant: (1) the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities, (2) the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, and (3) the exercise of jurisdiction must be reasonable. *Sawtelle v. Farrell,* 70 F.3d 1381, 1388-1389 (1st Cir. 1995); *accord Brian Jackson & Co. v. Eximias Pharm. Corp.*, 248 F. Supp. 2d 31, 35 (D.R.I. 2003). Each of these requirements must be separately met. *See Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik GmbH,* 295 F.3d 59, 63 (1st Cir. 2002). Plaintiff has pled no facts to establish any contact with Rhode Island by the Goldman Shareholder Defendants, let alone contacts that are related to the present action and would constitute purposeful availment. Moreover, as noted *supra* at 10, even if the necessary minimum contacts could be established, the exercise of jurisdiction would be unreasonable. Accordingly, all claims against the Goldman Shareholder Defendants must be dismissed.

## CONCLUSION

For the forgoing reasons, the defendants respectfully request that all claims asserted against them in this action be dismissed.

Respectfully submitted,

February 13, 2007

**GS CAPITAL PARTNERS III, L.P.,**
**GS CAPITAL PARTNERS III (OFFSHORE), L.P.,**

By their Attorneys,

/s/ Brian J. Lamoureux

William M. Dolan III (#4524)
Wayne F. Dennison, *pro hac vice*
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401.276.2600
401.276.2601 Facsimile
bjl@brownrudnick.com
*Attorneys for Defendants*

OF COUNSEL:
Douglas H. Flaum, *pro hac vice*
Lara Turcik, *pro hac vice*
Elizabeth A. Walsh
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
(212) 859-8000

544550

**CERTIFICATION**

I hereby certify that, on the 13th day of February, 2007, this document was electronically filed and that it is available for viewing and downloading from the Court's ECF system by the following Filing Users:

Matthew T. Oliverio
Christine M. Curley
Oliverio & Marcaccio LLP
55 Dorrance Street
Suite 400
Providence, RI 02903

/s/ Brian J. Lamoureux

# 50226579 v1 - LAMOURBJ - 024607/1432