UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., | ) | No.: 1:06-cv-00492-S-LDA |
| Plaintiff, | ) | |
| v. | ) | |
| GERRY CARDINALE, ROB GHEEWALLA, JACK DALY, GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS III, L.P., GS CAPITAL PARTNERS III OFFSHORE, L.P. and GOLDMAN, SACHS & CO. VERWALTUNGS GmbH, | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6) BY DEFENDANTS GS CAPITAL PARTNERS III, L.P. AND GS CAPITAL PARTNERS III (OFFSHORE), L.P.**

Defendants GS Capital Partners III, L.P. and GS Capital Partners III (Offshore), L.P., (the "Defendants"), by their undersigned counsel, hereby move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support hereof, Defendants rely upon the Memorandum of Law filed simultaneously herewith.

Pursuant to LR Cv 7(e), Defendants hereby respectfully request oral argument on this

motion. Defendants estimate the need for one (1) hour of oral argument.

Respectfully submitted,

February 13, 2007

**GS CAPITAL PARTNERS III, L.P.,**
**GS CAPITAL PARTNERS III**
**(OFFSHORE), L.P.**

By their Attorneys,

/s/ Brian J. Lamoureux
William M. Dolan III (#4524)
Wayne F. Dennison, *pro hac vice*
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401.276.2600
401.276.2601 Facsimile
bjl@brownrudnick.com
*Attorneys for Defendants*

OF COUNSEL:
Douglas H. Flaum, *pro hac vice*
Lara Turcik, *pro hac vice*
Elizabeth A. Walsh
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
(212) 859-8000

544557

## CERTIFICATION

I hereby certify that, on the 13th day of February, 2007, this document was electronically filed and that it is available for viewing and downloading from the Court's ECF system by the following Filing Users:

Matthew T. Oliverio
Christine M. Curley
Oliverio & Marcaccio LLP
55 Dorrance Street
Suite 400
Providence, RI 02903

/s/ Brian J. Lamoureux

# 50226571 v1 - LAMOURBJ - 024607/1432

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., | ) | No.: 1:06-cv-00492-S-LDA |
| Plaintiff, | ) | |
| v. | ) | |
| GERRY CARDINALE, ROB GHEEWALLA, JACK DALY, GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS III, L.P., GS CAPITAL PARTNERS III (OFFSHORE), L.P. and GOLDMAN, SACHS & CO. VERWALTUNGS GmbH, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6) BY DEFENDANTS GS CAPITAL PARTNERS III, L.P. AND GS CAPITAL PARTNERS III (OFFSHORE), L.P.**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 3

I. EACH OF PLAINTIFF'S CLAIMS IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS ........ 3

II. PLAINTIFF HAS NOT PLED ITS CLAIMS AGAINST THE GOLDMAN SHAREHOLDER DEFENDANTS WITH PARTICULARITY ........ 3

III. PLAINTIFF'S MASTER AGREEMENT CLAIMS FAIL ........ 4

IV. PLAINTIFF'S C ROUND FINANCING CLAIMS FAIL ........ 5

CONCLUSION ........ 6

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alternative System Concepts v. Synopsys, Inc.*,
374 F.3d 23 (1st Cir. 2004) .......... 4

*Color Tile, Inc. v. Investcorp*,
137 F. Supp. 2d 502 (S.D.N.Y. 2001) .......... 5

*Hayduk v. Lanna*,
775 F.2d 441 (1st Cir. 1985) .......... 4

*Owl Fumigating Corp. v. California Cyanide Co.*,
24 F.2d 718 (D. Del. 1928) .......... 5

*Young v. Lepone*,
305 F.3d 1 (1st Cir. 2002) .......... 3

## STATE CASES

*Abraham v. Emerson Radio Corp.*,
901 A.2d 751 (Del. Ch. 2006) .......... 5

*Fields v. Synthetic Ropes, Inc.*,
115 A.2d 427 (Del. 1965) .......... 5

## FEDERAL RULES

Fed. R. Civ. P. 9(b) .......... 3, 4

Fed. R. Civ. P. 12(b)(6) .......... 3

## STATE STATUTES

8 Del. C. § 102 .......... 5

10 Del. C. § 8106 .......... 3

## TREATISES

12B WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS § 5714 .......... 5

Defendants GS Capital Partners III, L.P. ("GS Capital Partners") and GS Capital Partners III (Offshore), L.P. ("GS Offshore") (collectively and together with Goldman Sachs & Co. Verwaltungs, the "Goldman Shareholder Defendants")[1] submit this memorandum of law in support of their Motion to Dismiss the Complaint (the "Complaint" or "Compl.") Pursuant To Rule 12(b)(6).

## INTRODUCTION

On November 15, 2006, plaintiff filed the instant complaint asserting claims – which all arise out of plaintiff's apparently unsatisfactory relationship with Clearwire Holdings, Inc. ("Clearwire") – against the Goldman Shareholder Defendants (along with The Goldman Sachs Group, Inc. ("GS Group"), Gerry Cardinale, Jack Daly, and Rob Gheewalla (the "Individual Defendants") who filed a separate Motion to Dismiss The Complaint Pursuant to Rule 12(b)(6) with this Court on January 16, 2007). While the Court need not reach the merits of the claims against the Goldman Shareholder Defendants (since jurisdiction is not appropriate in this Court[2]), should the Court determine to do so, it is apparent that the sole basis for plaintiff's claims against the Goldman Shareholder Defendants is the fact that in March 2001 each of these entities made a substantial investment in Clearwire.

The relevant facts and arguments illuminating the myriad deficiencies in plaintiff's claims are amply set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss The Complaint Pursuant To Rule 12(b)(6) filed on January 16, 2007, on behalf of GS

---

1 Because Goldman, Sachs & Co. Verwaltungs GmbH ("GS Verwaltungs") has not yet been served, it does not join in this motion. Notwithstanding, all bases for dismissal of the claims stated herein apply equally with respect to GS Verwaltungs.

2 As set forth in the Goldman Shareholder Defendants' Motion to Dismiss Pursuant to Rules 12(b)(2) And 12(b)(5) filed simultaneously herewith and in the memorandum in support of the Motion to Dismiss Pursuant to Rules 12(b)(2) And 12(b)(5) filed by GS Group and the Individual Defendants on January 16, 2007, this Court lacks proper jurisdiction over these defendants.

Group and The Individual Defendants ("Def. 12(b)(6) Mem."). On the grounds stated in Def. 12(b)(6) Mem., the entirety of which is incorporated herein, and for the additional reasons set forth below, plaintiff's claims against the Goldman Shareholder Defendants must be dismissed.

## STATEMENT OF FACTS

The background to plaintiff's relationship with Clearwire and the circumstances giving rise to its claims are set forth in detail in Def. 12(b)(6) Mem. (at 3-10). Rather than restate these facts here, this memorandum sets forth only the limited facts relevant to the role of the Goldman Shareholder Defendants.[3]

In March 2001, plaintiff, along with other members of the Alliance, entered into the "Master Agreement" for use of ITFS spectrum with Clearwire. Compl. ¶ 26; Def. 12(b)(6) Mem. at 4-5. None of the Goldman Shareholder Defendants were a party to the Master Agreement.

Clearwire (which is not named as a defendant) was formed in or about March 2001, in connection with an investment by the Goldman Shareholder Defendants of approximately $47 million. In exchange for their investment, the Goldman Shareholder Defendants acquired preferred shares of Clearwire stock. Compl. ¶¶ 8, 12(a). None of the three Goldman Shareholder Defendants alone held a majority of the shares in Clearwire.

In August 2003, in an effort to raise money to either continue operations or complete a strategic transaction, Clearwire offered all of its shareholders the opportunity to exchange their shares for preferred shares of Series C stock (the "C Round Financing"). Along with many other Clearwire shareholders, the Goldman Shareholder Defendants participated in the C Round Financing. Plaintiff chose not to do so.

---

3 Unless otherwise stated herein, defined terms in this memorandum shall have the same meaning provided in Def. 12(b)(6) Mem.

## ARGUMENT

The numerous flaws in plaintiff's complaint, addressed in detail in Def. 12(b)(6) Mem., are equally fatal to the claims against the Goldman Shareholder Defendants. As a threshold matter, each of plaintiff's claims is barred by the Delaware statutes of limitations (*infra* Section I). Moreover, plaintiff fails to plead its claims sounding in fraud with particularity as required by Rule 9(b) (*infra* Section II). Finally, plaintiff has not pled facts that establish the elements of its claims against the Goldman Shareholder Defendants (*infra* Section III).

### I. EACH OF PLAINTIFF'S CLAIMS IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

All of plaintiff's claims are barred by the applicable three-year statute of limitations, which begins to run on the date the cause of action accrues. *See Young v. Lepone,* 305 F.3d 1, 13 (1st Cir. 2002) (courts generally apply the law of the state of incorporation, rather than the law of the forum state, to fiduciary duty claims); 10 Del. C. § 8106. Even if plaintiff had asserted valid claims against the Goldman Shareholder Defendants, such claims would have accrued at the same time as the claims asserted against the Individual Defendants, and are likewise untimely brought for the reasons stated in Def. 12(b)(6) Mem. (at 10-14). Accordingly all counts must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### II. PLAINTIFF HAS NOT PLED ITS CLAIMS AGAINST THE GOLDMAN SHAREHOLDER DEFENDANTS WITH PARTICULARITY

As set forth in Def. 12(b)(6) Mem. (at 16-18), plaintiff has failed to plead its claims sounding in fraud with particularity as required under Fed. R. Civ. P. 9(b). Plaintiff's reliance on vague accusations as to "fraudulent conduct" by the "Defendants" is particularly glaring with respect to the Goldman Shareholder Defendants. Nowhere does the complaint identify any statement (false or otherwise) uttered by any one of the Goldman Shareholders. Nor does the complaint specify any other action by any of the Goldman Shareholder Defendants in

furtherance of any fraud. All plaintiff has alleged is that the Goldman Shareholder Defendants made an investment in Clearwire; this sole fact, however, does not support any of plaintiff's claims. The absence of any factual allegations of wrongful conduct by the Goldman Shareholder Defendants mandates dismissal of the claims against them pursuant to Rule 9(b). *See e.g., Alternative System Concepts v. Synopsys, Inc.*, 374 F.3d 23, 29-30 (1st Cir. 2004) (affirming dismissal of fraud claim where complaint did not provide any details as to who allegedly uttered the misleading statements, to whom they were made, where they were made, when they occurred, and what actions they engendered); *Hayduk v. Lanna,* 775 F.2d 441, 444-45 (1st Cir. 1985) (complaint warrants dismissal when conclusory allegations do not apprise defendants of the individual charges against them).

## III. PLAINTIFF'S MASTER AGREEMENT CLAIMS FAIL

For the reasons stated in Def. 12(b)(6) Mem., all of plaintiff's Master Agreement Claims fail as to the Goldman Shareholder Defendants. Plaintiff's claims for interference with prospective business opportunities also fail as to the Goldman Shareholder Defendants for the additional reason that the complaint does not allege, even in a conclusory fashion, that the Goldman Shareholder Defendants were aware of either of the hypothetical business opportunities available to plaintiff with which they supposedly interfered. Nor does the complaint allege any act of interference on the part of these defendants. Plaintiff's failure to allege these elements is fatal to its claims. *See* Def. 12(b)(6) Mem. at 18-20.

Additionally, with respect to Count III (for Interference with Prospective Business Opportunity—Sale of Alliance Licenses), plaintiff's reliance on the conclusory allegation that "Defendants caused Clearwire to assert the right to acquire Alliance wireless spectrum" (Compl. ¶ 71) is insufficient to state a claim against the Goldman Shareholder Defendants. Even assuming Clearwire engaged in any wrongful conduct, it is well-settled that the Goldman

Shareholder Defendants, mere shareholders of Clearwire, are not liable for Clearwire's actions. *See Fields v. Synthetic Ropes, Inc.*, 115 A.2d 427, 433 (Del. 1965) ("a stockholder of a corporation is not personally liable for ... corporate debts"); *Owl Fumigating Corp. v. California Cyanide Co.*, 24 F.2d 718, 720 (D. Del. 1928) (neither stock ownership nor common officers or directors "make one corporation liable for the infringing acts of the other"); 12B WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS § 5714 (perm. ed. 2000) ("A primary reason for incorporation is the insulation of shareholders from liabilities arising from the corporation. Consequently, a shareholder generally is not personally liable for the acts by the corporation merely because he or she is a shareholder.").

## IV. PLAINTIFF'S C ROUND FINANCING CLAIMS FAIL

As set forth in Def. 12(b)(6) Mem. (at 28), plaintiff's C Round Financing claims all fail for many reasons, all of which apply with equal or more force with respect to the Goldman Shareholder Defendants. Indeed, the Goldman Shareholder Defendants are not alleged to have engaged in any specific conduct independent of the actions of the Individual Defendants. Since the claims against the Individual Defendants do not state a claim (Def. 12(b)(6) Mem. at 27-37), the claims against the Goldman Shareholder Defendants likewise cannot stand. *See Abraham v. Emerson Radio Corp.*, 901 A.2d 751, 759 (Del. Ch. 2006) ("I am dubious that our common law of corporations should recognize a duty of care-based claim against a controlling stockholder . . . when the corporate charter contains an exculpatory provision authorized by 8 Del. C. § 102(b)(7)."); *Color Tile, Inc. v. Investcorp*, 137 F. Supp. 2d 502, 515 (S.D.N.Y. 2001) ("Enabling plaintiff to sue the shareholder defendants for acts of [the director] for which [the director] personally cannot be held liable would provide an illogical end-run around the protections of § 102(b)(7).").

## CONCLUSION

For the forgoing reasons, and those stated in Defendants' 12(b)(6) Memorandum, the Goldman Shareholder Defendants respectfully request that all claims asserted against them in this action be dismissed.

Respectfully submitted,

February 13, 2007

**GS CAPITAL PARTNERS III, L.P.,**
**GS CAPITAL PARTNERS III**
**(OFFSHORE), L.P.**

By their Attorneys,

/s/ Brian J. Lamoureux

William M. Dolan III (#4524)
Wayne F. Dennison, *pro hac vice*
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401.276.2600
401.276.2601 Facsimile
bjl@brownrudnick.com
*Attorneys for Defendants*

OF COUNSEL:
Douglas H. Flaum, *pro hac vice*
Lara Turcik, *pro hac vice*
Elizabeth A. Walsh
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
(212) 859-8000

544557

**CERTIFICATION**

I hereby certify that, on the 13th day of February, 2007, this document was electronically filed and that it is available for viewing and downloading from the Court's ECF system by the following Filing Users:

Matthew T. Oliverio
Christine M. Curley
Oliverio & Marcaccio LLP
55 Dorrance Street
Suite 400
Providence, RI 02903

/s/ Brian J. Lamoureux

# 50226580 v1 - LAMOURBJ - 024607/1432