NO. 06-11727

| | | |
|---|---|---|
| MARSHALL PAYNE, JAMES F. GERO, NED N. FLEMING III, AMY K. LANGSTON, EDWARD ROSE III, WILLIAM E. ROSE, LELA A. ROSE, JEFFREY P. MILLER, BYRD F. TEAGUE, MATT L. MEINERSHAGEN, WILLIAM E. ROMANS, JERRY S. KELLY, JAMES R. WALLACE, JR., INSTRUCTIONAL TELECOMMUNICATIONS FOUNDATION, INC., TWIN CITIES SCHOOLS TELECOMMUNICATIONS GROUP, INC., | § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| CLEARWIRE HOLDINGS, INC., GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS, III, L.P., GS CAPITAL PARTNERS III OFFSHORE, L.P., GOLDMAN, SACHS & CO.VERWALTUNGS, GmbH, JAMES MANSOUR, LEO J. CYR, BOB GHEEWALLA, GERRY CARDINALE, JACK DALY, JAMES A. KIRKLAND, DAVID BERKMAN, M. BEAU PARADOWSKI, | § | K-192nd |
| Defendants. | § | ______ JUDICIAL DISTRICT |

FILED
2006 NOV 14 PM 4:57
JIM HAMLIN
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Marshall Payne, James F. Gero, Ned N. Fleming III, Amy K. Langston, Edward Rose III, William E. Rose, Lela A. Rose, Jeffrey P. Miller, Byrd F. Teague, Matt L. Meinershagen,

William E. Romans, Jerry S. Kelly, James R. Wallace, Jr., Instructional Telecommunications Foundation, Inc., and Twin Cities Schools Telecommunications Group, Inc., Plaintiffs, complain of Clearwire Holdings, Inc., Goldman Sachs Group, Inc., GS Capital Partners III, L.P., GS Capital Partners III Offshore L.P., Goldman Sachs & Co. Verwaltungs GmbH, James Mansour, Leo J. Cyr, Bob Gheewalla, Gerry Cardinale, Jack Daly, James A. Kirkland, David Berkman, and M. Beau Paradowski, Defendants, and allege the following:

## Discovery Level

1. Pursuant to Tex. R. Civ. P. 190.4, Plaintiffs state that discovery in this action is intended to be conducted under Level 3.

## Parties and Service

2. Plaintiffs are residents of various states, including Texas.

3. Defendant Clearwire Holdings, Inc. ("Holdings") is a Delaware corporation with its principal place of business in Texas. Holdings may be served with citation by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4. Defendants Goldman Sachs Group, Inc., GS Capital Partners III, L.P., GS Capital Partners III Offshore L.P. and Goldman Sachs & Co.Verwaltungs GmbH at all pertinent times were the principal investors and together were the majority stockholders of Holdings.

5. Defendants Bob Gheewalla, Gerry Cardinale and Jack Daly at all pertinent times were employed by Goldman Sachs and served on the Board of Directors of Holdings at the direction of Goldman Sachs.

6. Defendant James Mansour at all pertinent times was an officer and member of the Board of Directors of Holdings.

7. Defendant Leo J. Cyr at all pertinent times was an officer and/or member of the Board of Directors of Holdings.

8. Defendant James A. Kirkland at all pertinent times was an officer and/or member of the Board of Directors of Holdings.

9. Defendant M. Beau Paradowski at all pertinent times was an officer and/or member of the Board of Directors of Holdings.

10. Defendant David Berkman at all pertinent times was an officer and/or member of the Board of Directors of Holdings.

## Jurisdiction and Venue

11. This Court has jurisdiction of the subject matter of this action, because the amount in controversy exceeds the minimum required to invoke the jurisdiction of this Court, and this Court has jurisdiction to grant the relief sought by Plaintiffs in this action.

12. Venue of this action is proper in Dallas County under Tex. Civ. Prac. & Rem. Code § 15.002, because it is the county in which all or a substantial part of the events or omissions giving rise to the claims occurred.

## Facts

13. Holdings, through its operating subsidiaries (Clearwater Technologies, Inc., Clearwire Communications, Inc. and Clearwire Spectrum Corp.), was in the business of developing and providing broadband wireless internet access. These efforts have included, among other things, seeking regulatory changes to broaden the access to various

radio frequencies or spectrum regulated by the Federal Communications Commission and acquiring various users of such radio wave spectrum.

14. Plaintiffs are owners of Series A Preferred Stock of Holdings. In addition, Plaintiff Marshall Payne is the assignee the of Series A Preferred Stock of Holdings that was previously owned by another person and of that person's claims based on the matters alleged herein. At the time of their issuance, Series A Preferred Stock had certain preferential rights in connection with, among other things, the liquidation of Holdings, including payment of accrued and unpaid dividends and priority of distributions over all other types or series of Holdings stock.

15. By mid-2003, Holdings, through the other Defendants, represented to its shareholders, including Plaintiffs, that it was in immediate need of additional capital. During August 2003, after an aborted attempt to raise capital through a sale of convertible notes to its shareholders, Holdings offered to its shareholders, including Plaintiffs, the right to purchase a new series of Holdings stock known as Series C Preferred stock. The Series C Preferred Stock was to be issued in exchange for aggregate consideration in the amount of $600,000 and was to have certain rights that purportedly gave Series C Preferred Stock a preference over Series A Preferred Stock in the event of, among other things, the liquidation of Holdings.

16. On information and belief, concurrent with this August 2003 offering, Defendants were engaged in negotiations to sell the subsidiaries of Holdings to an entity controlled by Craig O. McGaw ("McGaw"). McGaw is by reputation one of the leading entrepreneurs in the telecommunications industry, including wireless communications. If such negotiations with McGaw were in progress, this was highly material and, if known to

Plaintiffs, would have affected their decisions as to whether to purchase Series C Preferred Stock of Holdings. However, Holdings and the other Defendants, who owed fiduciary duties to Plaintiffs, did not disclose the existence of these negotiations to Plaintiffs. As a result, and based on their belief that there was no reasonable hope for saving Holdings, Plaintiffs decided not to purchase Series C Preferred Stock.

17. The sale of the Series C Preferred Stock was fully subscribed and closed in September 2003. On information and belief, Defendants, who owed fiduciary duties to Plaintiffs, and their family members and affiliates, who were aware of the negotiations with McGaw, purchased the bulk of the Series C Preferred Stock.

18. On November 14, 2003, the Board of Holdings approved the sale of Holdings' subsidiaries to Flux U.S. Corp. ("Flux"), a McGaw-related entity, in consideration for, on information and belief, stock in Flux, which then was renamed as Clearwire (the "McGaw Sale"). In other words, Holdings acquired stock in the entity that had acquired its operating subsidiaries. As a result of the McGaw Sale, the value of Holdings increased substantially, while its operations and the attendant ongoing expenses ceased. On information and belief, Flux is planning a public offering of its stock, which will include the stock that was issued to Holdings in the McGaw Sale. In the event of such a public offering, the bulk of the cash proceeds received by Holdings for its Flux stock will be distributed to the shareholders of Holdings in accordance with their respective interests and legitimate rights.

19. Plaintiffs are seriously concerned that, upon Holdings' sale of its Flux stock and the subsequent distribution of the proceeds, Holdings will allow the Series C Preferred Stock to have significant distribution preferences over those of the Series A Preferred Stock. Plaintiffs maintain that this should not be allowed because of the circumstances

under which the Series C Preferred Stock was issued, as described above. As a result, a justiciable controversy exists as to the legitimacy of the issuance of the Series C Preferred Stock and the effect, if any, which it should have on the distribution preferences which apply to the Series A Preferred Stock owned by Plaintiffs in relation to the Series C Preferred Stock.

**Claim for Relief**

20. Plaintiffs incorporate, as if fully rewritten herein, the allegations contained in each of the preceding paragraphs.

21. Pursuant to Tex. Prac. & Rem. Code § 37.001 et seq., Plaintiffs seek a declaratory judgment as to the following matters:

A. Whether Defendants other than Holdings breached their fiduciary duties to Plaintiffs in connection with the issuance of the Series C Preferred Stock and, if so, the effect that has on the legitimacy of the issuance of the Series C Preferred Stock.

B. Whether Defendants are obligated to give full effect to the priorities accorded to Plaintiffs as owners of Series A Preferred Stock in connection with the anticipated liquidation of Holdings; and

C. Whether the Series C Preferred Stock should be accorded priorities over Series A Preferred Stock in connection with the anticipated liquidation of Holdings.

22. All conditions precedent to Plaintiffs' right to bring and maintain this action have been performed or have occurred.

23. Plaintiffs are entitled to recover their costs and reasonable attorneys' fees under Tex. Civil Prac. & Rem. Code § 37.009.

## Jury Demand

24. Plaintiffs demand trial by jury with respect to all issues so triable in this action.

## Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be served with citation and required to answer in this action, that the Court enter a judgment declaring the rights of Plaintiffs and obligations of Defendants regarding Plaintiffs' ownership interests in Holdings, and that the Court award Plaintiffs costs and attorneys fees, and such other relief as may be appropriate under the circumstances.

## Request for Disclosure

Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that each Defendant disclose, within fifty (50) days of the service of citation, the information or material described in Tex. R. Civ. P. 194.2(a) - (i).

Respectfully Submitted,

**CRADDOCK, RENEKER & DAVIS, LLP**

BY: ______________________

D. Ronald Reneker
State Bar No. 16770000
John L. Thompson
State Bar No. 90001820
3100 Monticello Avenue, Suite 550
Dallas, Texas 75205-3442
Telephone: (214) 750-3550
Fax: (214) 750-3551

HUBBARD & BIEDERMAN, LLP
Stephen L. Hubbard
State Bar No. 10140500
Robert W. Biederman
State Bar No. 02301050
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Fax: (214) 857-6001

ATTORNEYS FOR PLAINTIFFS