# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.,

*Plaintiff,*

v.

GERRY CARDINALE, ROB GHEEWALLA, JACK DALY, GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS III, L.P. GS CAPITAL PARTNERS III OFFSHORE, L.P. and GOLDMAN SACHS & CO. VERWALTUNGS GmbH,

*Defendants.*

Civil Action No. 06-492-S-LDA

**NOTICE OF SUPPLEMENTAL CONTROLLING AUTHORITY**

Defendants submit this notice of supplemental controlling authority in connection with their respective Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), which are currently pending in this Court and scheduled for oral argument on June 21, 2007.

On May 21, 2007 the Supreme Court of the United States issued its opinion *Bell Atlantic Corp. v. Twombly*, No. 05-1126 (Slip. Op.) (2007), which clarified and tightened the pleading standard under Federal Rule of Civil Procedure Rule 8(a) in the context of a motion to dismiss pursuant to Rule 12(b)(6). Because plaintiff objects to the dismissal of its claims for interference with a prospective business opportunity (Counts III and IV) and breach of fiduciary duty (Counts V and VI) on the grounds that these claims satisfy what NACEPF asserts are Rule 8's "liberal pleading requirements" (Pl. Opp. Mem. at 13-17, Pl. Consol. Resp. to Def. Reply at 7-10), this

ruling bears directly upon issues raised in the present action.[1] Indeed, setting aside the question of whether Rule 9(b) applies to these claims (an issue addressed prior submissions to this Court[2]), the Supreme Court's decision in *Twombly* leaves no doubt that NACEPF has failed to meet its pleading obligations even under the requirements of Rule 8.

In *Twombly*, the Supreme Court expressly rejected the concept that under Rule 8, a complaint may survive based on the mere possibility that plaintiff may be able to prove its claims, holding instead that the pleadings must be reviewed under a standard of "plausibility." *Twombly* at 14, 18. In explaining its holding, the Court addressed the oft-quoted phrase that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' and explained that this was an interpretation of Rule 8 that is "best forgotten." *Twombly* at 14 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Accordingly, Plaintiff's reliance on the corresponding proposition that "[a] complaint sufficiently raises a claim *as long as relief is possible under any set of facts that could be established* consistent with the allegations" (Pl. Opp. Mem. at 13; emphasis added) must likewise be rejected. *See Id.* (explaining as improper the idea that "any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings").[3] Indeed, Twombly clearly held that a plaintiff's claims must be dismissed unless the allegations satisfy the standard of "plausibility"– the pleadings in this action do not.

---

1 Inexplicably, NACEPF chose not to bring *Twombly* to this Court's attention in its latest brief filed on June 8, 2007 -- more than two weeks after *Twombly* was decided.

2 See Def. 12(b)(6) Mem. at 15 n. 11; Def. 12(b)(6) Reply at 13-14.

3 As *Twombly* notes, under such a mischaracterization of Rule 8, to withstand dismissal under 12(b)(6), [the plaintiff's] optimism would be enough. *Id.* at 15.

*Twombly* provides ample guidance in determining whether a complaint satisfies the "plausibility" standard and illustrates why NACEPF's pleadings fail. The Supreme Court explained that, in general, "factual allegations must be enough to *raise a right to relief above the speculative level*." In *Twombly*, the Supreme Court applied the Rule 8 "plausibility" standard to the plaintiff's claim arising under Section 1 of the Sherman Act, which – like NACEPF's breach of fiduciary duty claims here – required the plaintiff to establish that the defendant had entered into an agreement with another party.[4] The Court found that the complaint in *Twombly* – like NACEPF's complaint here – contained "a few stray statements [that] speak directly to agreement" but "mentioned no specific time, place or person involved in the agreement" and held that such pleading – like NACEPF's complaint here – was insufficient to satisfy Rule 8's notice requirement and dismissed the claim.

Plaintiff's breach of fiduciary duty claims are predicated on plaintiff's contention that the defendants had entered into an undisclosed agreement with McCaw at the time of the C Round financing. However, plaintiff's complaint contains no allegations of a specific time, place or person involved in the agreement, relying instead on pure speculation and a now-discredited overly broad interpretation of Rule 8. *See* Def. Mem. at 27-39 and Def. 12(b)(6) Reply at 23-25.

---

[4] District Courts that have considered this issue have applied *Twombly* outside the anti-trust context and noted that the Supreme Court's broad discussion of *Conley v. Gibson* "strongly suggests that *Twombly* applies more broadly to all civil cases rather than only to claims of anti-trust conspiracy." *Goldstein v. Pataki*, 2007 U.S. Dist. LEXIS 41216 *103-05 (E.D.N.Y., June 6, 2007) (applying *Twombly* to claims of eminent domain); *Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc.*, 2007 U.S. Dist. LEXIS 41270 (D.D.C., June 7, 2007) (applying *Twombly* to a motion to dismiss trademark claims and stating that "district courts have not sought to confine *Twombly's* teachings to their original context") (citations omitted). Numerous other courts are in accord: *Norton v. Cross Boarder* Initiative, 2007 U.S. Dist. LEXIS 41323 (D.N.H. June 6, 2007) (applying *Twombly* to Fourth Amendment allegations); *Roth v. Jennings*, 2007 U.S. App. LEXIS 13035 (2d Cir. N.Y. June 6, 2007) (applying *Twombly* to claims under the Securities Exchange Act of 1934); *Beauty of Flowers v. City of Des Plaines*, 2007 U.S. Dist. LEXIS 37544 (N.D. Ill. May 22, 2007) (applying *Twombly* to claim under the Fourteenth Amendment).

In its objection to the 12(b)(6) motions, plaintiff asserts that it alleged its breach of fiduciary duty claims survive by "applying the *liberal standard of Rule 8 to the factual allegations in the Complaint.*" Def. Mem. at 21. However, as is now clear from *Twombly*, the standard is not nearly as "liberal" as NACEPF asserts, or as it must be for NACEPF to avoid dismissal.

Similarly, plaintiff's claims for interference with a prospective business opportunity rely on the mere speculation that plaintiff might have been able to enter into some agreement with some unidentified third party. *See* Def. Mem. at 18-26 and Def. 12(b)(6) Reply at 21-23. Nowhere in its complaint does NACEPF allege any facts that plausibly establish the existence of such a prospective business opportunity, much less that the defendants knew of and intentionally interfered with the opportunity. In its objection to the 12(b)(6) motions, NACEPF argued that "[t]here is no requirement at the pleading stage that Plaintiff identify the particular third parties interested in purchasing the spectrum," and that its vague assertions of wrongdoing "when viewed in their entirety" somehow "meet the notice pleading requirements of Rule 8." Def. Opp. Mem. at 13-17. Here again, NACEPF has now been proven incorrect as *Twombly* makes clear that these are precisely the facts NACEPF must allege to survive a motion to dismiss and mere notice pleading is no longer sufficient. Because NACEPF's complaint suffers from the same deficiencies identified in *Twombly,* NACEPF, like the plaintiff in *Twombly,* "ha[s] not nudged [its] claims across the line from conceivable to plausible" and, therefore, its claims "must be

dismissed." *Twombly* at 24.

Respectfully submitted,

June 13, 2007

**THE GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS III, L.P., GS CAPITAL PARTNERS III OFFSHORE, L.P., GERRY CARDINALE, ROB GHEEWALLA and JACK DALY,**

By their Attorneys,

William M. Dolan III (#4524)
Wayne F. Dennison, *pro hac vice*
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401.276.2600
401.276.2601 Facsimile
bjl@brownrudnick.com
*Attorneys for Defendants*

OF COUNSEL:
Douglas H. Flaum
Lara Turcik
Elizabeth A. Walsh
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
212.859.8000

# 50228242 v1 - LAMOURBJ - 807078/0012