**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.,** | : | |
| ***Plaintiff,*** | : | |
| **v.** | : | **C.A. No.: 06-492-S-LDA** |
| **GERRY CARDINALE, ROB GHEEWALLA, JACK DALY, GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS III, L.P., GS CAPITAL PARTNERS III OFFSHORE, L.P and GOLDMAN, SACHS & CO. VERWALTUNGS GmbH** | : | |
| ***Defendants.*** | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL CONTROLLING AUTHORITY**

Plaintiff responds to Defendants' Notice of Controlling Authority filed in connection with Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

Despite Defendants' overstated arguments to the contrary, the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, does not announce a heightened pleading standard under Fed. R. Civ. P. 8(a).[1] What *Bell Atlantic* does stand for, is the principle that a plaintiff's complaint must adequately put a defendant on notice of the claims being brought against it and must present a sufficient factual predicate ("plausible grounds") to assert a claim for relief and "to raise a reasonable expectation that discovery will reveal evidence" of the alleged wrongdoing. *Bell Atlantic*, 127 S.Ct. at n. 3, 1965. The Supreme Court itself echoed

[1] Indeed, Defendants *cannot* make this assertion, as it was specifically denied by the Court. *Bell Atlantic Corp. et al. v. Twombly et al.*, 127 S.Ct. 1955, n. 14 (2007). Ultimately, the Supreme Court noted that "[h]ere, our concern is not that the allegations in the complaint were insufficiently 'particular[ized],' rather the complaint warranted dismissal because it failed *in toto* to render plaintiff's entitlement to relief plausible." *Id*. (citations omitted).

this sentiment in a case decided two weeks after its *Bell Atlantic* decision. *Erickson v. Pardus et al.*, 127 S.Ct. 2197 (2007). In *Erickson*, the Supreme Court, in reviewing a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, reiterated part of the essential holding of *Bell Atlantic*:

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the …claim is and the grounds upon which it rests.' In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the Complaint."

*Erickson*, 127 S.Ct. at 2200, *quoting Bell Atlantic*.[2]

Although the interpretation of the *Bell Atlantic* holding has only just begun,[3] the *Erickson* decision provides substantial and persuasive insight into the Court's core holding in *Bell Atlantic*. Far from announcing a heightened standard of pleading, the case sought only to illuminate the established standard of Fed. R. Civ. P. 8(a) and to effectively "retire" the over-used language enunciated in *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic*, 127 S.Ct. at 1968-69, *quoting Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S.Ct. 99.

Bearing the *Bell Atlantic* standard in mind, it is clear that Plaintiff's Complaint more than adequately spells out the parameters of its claim against the Defendants and places them on notice as to the substance, nature and factual underpinnings of its allegations. Furthermore, Plaintiff has sufficiently alleged facts that raise a substantial probability that discovery will reveal evidence of the Defendants' illegal conduct. Because both of these issues have been

---

[2] Of further note is the reference in *Erickson* to the "liberal pleading standards set forth by Rule 8(a)(2)," which Defendants intimate was markedly diminished, if not altogether abolished by the *Bell Atlantic* decision. *Erickson*, 127 S.Ct. at 2200. Defendants' Notice of Supplemental Controlling Authority, at p. 4.

[3] Indeed, the decision appears to have been cited ninety-one times already by various state and federal district courts in addition to the Second Circuit. The Second Circuit, in discussing *Bell Atlantic*, asserted that the decision

addressed thoroughly in Plaintiff's prior submissions, no further explication of the facts will be given here.

Defendants seek to analogize the present case to *Bell Atlantic* by pointing out that both cases involve an allegation of an illegal agreement between two parties that form the basis of the purported illegal conduct. Defendants' Notice of Supplemental Controlling Authority at p. 3. Such an analogy is inappropriate and factually inapposite. To begin with, *Bell Atlantic* was an anti-trust class action lawsuit. *Bell Atlantic*, 127 S.Ct. at 1961. As such, an essential element of plaintiffs' case was the actual existence of an agreement between the defendants to collude or otherwise conspire; this is a statutory prerequisite for an anti-trust claim. *Id*. Conversely, the present case involves common law claims with no such statutory prerequisites. The heart of Plaintiff's breach of fiduciary duty and tortious interference claims is not the existence of an agreement, but the intent on the part of the Defendants to defraud and deprive Plaintiff of its valuable spectrum rights. Thus, Defendant's argument that Plaintiff has not alleged sufficient facts, similar to the plaintiffs in *Bell Atlantic*, to support a claim that an actual agreement existed is not persuasive.

*Bell Atlantic*, being an anti-trust class action lawsuit, presented the Court with particular concerns that contributed to the Court's desire for more specificity in the plaintiffs' complaint. Although numerous subsequent decisions that have discussed and applied *Bell Atlantic* have involved cases of differing natures, it would be foolhardy to ignore the circumstances surrounding the case that gave rise to the Court's holding, particularly when those circumstances are so directly related to the Court's perceived need for specificity. The Court considered the potential scope of the case and restated a prior holding that "'a district court must retain the

has created "considerable uncertainty concerning the standard for assessing the adequacy of pleadings." *Iqbal v. Hasty*, 2007 WL 1717803, *8 (2nd Cir. June 14, 2007).

power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" *Bell Atlantic*, 127 S.Ct. at 1967, *quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S.Ct. 897 (1983). Thus, the Court was not persuaded that plaintiffs' general and conclusory complaint was sufficiently pled to allow the case to proceed to what would likely be costly and extensive discovery. *Id*. The present case is not a class action lawsuit and involves a contained universe of facts and parties that will not give rise to exorbitant discovery costs comparable to that at issue in *Bell Atlantic*.

In sum, Plaintiff has asserted plausible grounds for recovery in this action; it has alleged facts that not only provide Defendants with notice of the claims being asserted against them, but which also support its claim for relief and raise a real expectation that discovery in this case will bear out the evidence against the Defendants. For all of the foregoing reasons, Plaintiff's Complaint comports with the Rule 8(a) pleading standard of *Bell Atlantic* and must survive Defendants' Motion to Dismiss.

Plaintiff,
By its Attorneys,

/s/ Matthew T. Oliverio

Matthew T. Oliverio (#3372)
Christine M. Curley (#4529)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: June 19, 2007

## CERTIFICATION

I hereby certify that the foregoing *PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL CONTROLLING AUTHORITY* was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorneys received service by electronic means on this 19th day of June, 2007.

Brian J. Lamoureux, Esquire
bjl@brownrudnick.com

William J. Dolan, III, Esquire
wdolan@brownrudnick.com

Wayne F. Dennison, Esquire
wdennison@brownrudnick.com

Douglas H. Flaum, Esquire
flaumdo@friedfrank.com

Lara Turcik, Esquire
turcila@friedfrank.com

/s/ Matthew T. Oliverio