UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., Plaintiff, v. GERRY CARDINALE, ROB GHEEWALLA, JACK DALY, GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS III, L.P., GS CAPITAL PARTNERS III OFFSHORE, L.P. and GOLDMAN, SACHS & CO. VERWALTUNGS GmbH, Defendants. | No.: 1:06-cv-00492-S-LDA |

**DEFENDANTS THE GOLDMAN SACHS GROUP, INC., GERRY CARDINALE, ROB GHEEWALLA, AND JACK DALY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION <u>TO ALTER OR AMEND JUDGMENT AND FOR RECONSIDERATION</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

BACKGROUND .......... 1

ARGUMENT .......... 2

I. PLAINTIFF HAS NOT PROVIDED ANY BASIS FOR THE COURT TO RECONSIDER ITS RULING THAT THE INDIVIDUAL DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN RHODE ISLAND .......... 3

A. The Court Correctly Applied The Prima Facie Standard .......... 3

B. The Court Correctly Determined That Plaintiff Had Not Established Purposeful Availment By The Individual Defendants .......... 5

C. General Jurisdiction Over GS Group Does Not Confer Personal Jurisdiction Over The Individual Defendants .......... 6

II. PLAINTIFF HAS NOT PROVIDED ANY BASIS FOR THE COURT TO REVISIT ITS DECISION TO DECLINE TO EXERCISE PERSONAL JURISDICTION OVER GS GROUP .......... 7

A. The Court Correctly Determined That The Individual Defendants' Relationship with GS Group Does Not Provide A Basis For The Assertion Of Personal Jurisdiction Over GS Group .......... 8

B. The Court Correctly Determined That The Gestalt Factors Do Not Support The Assertion Of Personal Jurisdiction Over GS Group .......... 9

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

## CASES

*Amburguey v. Atomic Ski USA, Inc.*,
2007 WL 2028954 (D. Me. July 10, 2007) ........ 4, 8

*Ashton Park Apartments, Ltd. v. Lebor*,
252 F. Supp. 2d 539 (N.D. Ohio 2003) ........ 6 n.3

*Bogosian v. Woolohajian Realty Corp.*,
323 F.3d 55 (1st Cir. 2003) ........ 10

*Boit v. Gar-Tec Prods., Inc.*,
967 F.2d 671 (1st Cir. 1992) ........ 3, 4

*Bowling v. Hasbro, Inc.*,
2008 U.S. Dist. LEXIS 6890 (D.R.I. Jan. 16, 2008) ........ 3, 7

*Castro v. United States*,
2007 WL 2955638 (D.R.I. Oct. 19, 2007) ........ 2, 4, 5, 10

*CVS Corp. v. Taubman Ctrs., Inc.*,
225 F. Supp. 2d 120 (D.R.I. 2002) ........ 3, 4

*Chlebda v. H.E. Fortna & Bro. Inc.*,
609 F.2d 1022 (1st Cir. 1979) ........ 4

*Digital Equip. Corp. v. Altavista Tech., Inc.*,
960 F. Supp. 456 (D. Mass. 1997) ........ 6 n.3

*Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*,
426 F.3d 416 (1st Cir. 2005) ........ 9

*Escude Cruz v. Ortho Pharma. Corp.*,
619 F.2d 902 (1st Cir. 1980) ........ 6

*Harlow v. Children's Hosp.*,
432 F.3d 50 (1st Cir. 2005) ........ 10

*Levinger v. Matthew Stuart & Co., Inc.*,
676 F. Supp. 437 (D.R.I. 1988) ........ 6 n.3

*Marie v. Allied Home Mortgage Corp.*,
402 F.3d 1 (1st Cir. 2005) ........ 2

**TABLE OF AUTHORITIES**
**(CONT'D)**

*Murphy v. Erwin-Wasey, Inc.*,
460 F.2d 661 (1st Cir. 1972) .......... 6 n.3

*New Life Brokerage Services, Inc. v. Cal-Surance Assocs., Inc.*,
222 F. Supp. 2d 94 (D. Me. 2002) .......... 6 n.3

*North Am. Catholic Educ. Programming Found., Inc. v. Cardinale*,
__ F. Supp. 2d __, 2008 WL 647521 (D.R.I. March 5, 2008) .......... *passim*

*Palmer v. Champion Mortgage*,
465 F.3d 24 (1st Cir. 2006) .......... 2, 3, 4

*Platten v. HG Bermuda Exempted Ltd.*,
437 F.3d 118 (1st Cir. 2005) .......... 10

**STATUTES**

Fed. R. Civ. P. 59(e) .......... *passim*

Defendants The Goldman Sachs Group, Inc. ("GS Group"), Gerry Cardinale, Rob Gheewalla, and Jack Daly (collectively, the "Individual Defendants") respectfully submit this memorandum of law in opposition to Plaintiff North American Catholic Educational Programming Foundation, Inc.'s motion to alter, amend or reconsider the Court's March 5, 2008 entry of judgment pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)").[1]

**BACKGROUND**

On March 5, 2008, after extensive briefing and oral argument, this Court dismissed Plaintiff's claims in this action against each of the Individual Defendants and three other corporate defendants (the "Goldman Shareholder Defendants") for lack of personal jurisdiction, and declined to exercise jurisdiction over GS Group. *See North Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, __ F. Supp. 2d __, 2008 WL 647521 (D.R.I. March 5, 2008). Plaintiff has already appealed from that dismissal, but through its Rule 59(e) motion simultaneously seeks reargument or reconsideration of the Court's dismissal of its claims — albeit only as to the dismissal of its claims against GS Group and those claims against the Individual Defendants that relate to an August 2003 issuance of preferred stock (the "C Round Financing") by Clearwire Holdings, Inc. ("Clearwire").[2]

Plaintiff clearly disagrees with the Court's conclusions, but nothing in Plaintiff's Rule 59(e) motion identifies any new, previously unavailable evidence, nor manifest legal error by the

---

1 GS Group and the Individual Defendants are collectively referred to as "Defendants;" "P. Mem." refers to Plaintiff's memorandum of law in support of its motion to amend, alter or reconsider the Court's March 8, 2008 judgment, dated March 19, 2008; "Tr." refers to the transcript of the June 21, 2007 oral argument on Defendants' motion to dismiss; "Compl." refers to Plaintiff's complaint, dated November 15, 2006; "P. Opp. Mem." refers to Plaintiff's memorandum of law in opposition to Defendants' motion to dismiss, dated March 16, 2007.

2 Despite asserting that the Court's decision was "incorrect in all respects" (P. Mem. at 2), Plaintiff's motion does *not* challenge the dismissal of Counts I-IV relating to a March 2001 leasing agreement between Plaintiff and Clearwire (the so-called "Master Agreement") against the Individual Defendants, nor does it challenge the dismissal of its claims against the Goldman Shareholder Defendants.

Court. Instead, Plaintiff's motion primarily reiterates arguments it previously, and unsuccessfully, made to this Court in opposing the dismissal of its claims, *i.e.*, that personal jurisdiction should be exercised despite the tenuous nature of this dispute to Rhode Island, the fleeting or non-existent contacts of the defendants other than GS Group (whose contacts with Rhode Island cannot be used to bootstrap jurisdiction over the Individual Defendants), and the perversity of proceeding against GS Group under principles of general jurisdiction without the presence of the true defendants at issue. To the extent that Plaintiff purports to introduce new "evidence" — i.e., public lists of Goldman Sachs managing director and partners — those lists have been publicly available since their issuance years ago, hardly constitute newly discoverable evidence, and do not change the result in any event.

Plaintiff is free to appeal, as it has done. But its present motion is a classically improper use of Rule 59(e): *"[a] Rule 59(e) motion to amend or alter the judgment may not be used as a vehicle to re-litigate or rehash matters already decided."* *Castro v. United States*, 2007 WL 2955638, at *1 (D.R.I. Oct. 19, 2007) (Smith, J.) (emphasis added). Plaintiff's motion for relief from the Court's March 5 judgment should accordingly be denied.

## ARGUMENT

"The granting of a [Rule 59(e)] motion for reconsideration is 'an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006); *see also Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005) ("it is very difficult to prevail on a Rule 59(e) motion"). As this Court recently explained, "[u]nless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected. *To succeed on a motion for reconsideration, a movant must demonstrate either that*

*newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law.*" *Bowling v. Hasbro, Inc.*, 2008 U.S. Dist. LEXIS 6890, at *2-3 (D.R.I. Jan. 16, 2008) (Smith, J.) (citations omitted) (emphasis added); *see also Palmer*, 465 F.3d at 30 (same).

As discussed further below, Plaintiff has failed to satisfy the standards governing Rule 59(e).

## I. PLAINTIFF HAS NOT PROVIDED ANY BASIS FOR THE COURT TO RECONSIDER ITS RULING THAT THE INDIVIDUAL DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN RHODE ISLAND

### A. The Court Correctly Applied the Prima Facie Standard

As a threshold matter, the Court correctly applied the *prima facie* standard for determining jurisdiction, refusing to accept Plaintiff's "conclusory allegations" as sufficient to establish personal jurisdiction over the Individual Defendants. *See* P. Mem. at 6-9. According to Plaintiff, this was an improper act of "fact-finding" by the Court that resulted in factual errors, and the Court should have simply accepted Plaintiff's say-so. *See id.*

Not only is Plaintiff's position contrary to the law, it is belied by the very cases Plaintiff relies upon. *See* P. Mem. at 6 (citing *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675-76 (1st Cir. 1992) and *CVS Corp. v. Taubman Ctrs., Inc.*, 225 F. Supp. 2d 120, 123 (D.R.I. 2002)). For example, in *Boit*, 967 F.2d at 680, the First Circuit *rejected* the precise argument that Plaintiff makes here. In *Boit*, as here, the plaintiff argued that "allegations in the plaintiffs complaint that are not expressly controverted by affidavits must be construed as true" and claimed that "the district court erred by not accepting those allegations as true for purposes of [defendant's] motion to dismiss." 967 F.2d at 680. The First Circuit emphatically rejected that position:

> [The plaintiffs] misunderstand their burden. It is true that at this stage in this litigation, given the way the district court proceeded with the parties'

> acquiescence, they need only make a prima facie showing of personal jurisdiction. *Even a prima facie showing, however, must be based on specific facts set forth in the record. [The plaintiffs] cannot rely on unsupported allegations in their pleadings. They must produce evidence to support their jurisdictional allegation* because they have the burden of showing that the court may exercise *in personam* jurisdiction over [the defendant].

*Id.* (emphasis added); *see also CVS Corp.*, 225 F. Supp. 2d at 123 (same); *Chlebda v. H.E. Fortna & Bro. Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1979) (believing that jurisdictional allegations must be taken as true is an "elementary mistake"). Simply put, the Court's holding that Plaintiff's unsupported conclusory assertions were insufficient to establish jurisdiction was not only a correct application of the law, it was *required* by well-established First Circuit precedent.

In essence, Plaintiff's accusation of improper factual findings by the Court is simply an effort to reassert arguments that are word-for-word identical to those previously rejected by this Court. *Compare* P. Mem. at 7-9 *with* P. Opp. Mem. 11-14. However, the fact that Plaintiff is dissatisfied with the Court's rejection of Plaintiff's jurisdictional arguments does not provide any basis to vacate the Court's judgment under Rule 59(e): "[a] Rule 59(e) motion to amend or alter the judgment may not be used as a vehicle to re-litigate or rehash matters already decided." *Castro*, 2007 WL 2955638, at *1; *see also Palmer*, 465 F.3d at 30 (affirming denial of Rule 59(e) motion where "the plaintiff's motion for reconsideration did no more then reiterate the arguments she earlier had advanced" and the district court had rejected); *Amburguey v. Atomic Ski USA, Inc.*, 2007 WL 2028954, at *1 n.1 (D. Me. July 10, 2007) (denying Rule 59(e) motion where plaintiffs attempted to reargue previously decided issues under the guise that court's decision was based on erroneous factual findings).

**B. The Court Correctly Determined That Plaintiff Had Not Established Purposeful Availment By The Individual Defendants**

Plaintiff also argues that "the Court made a manifest error of law" in concluding that certain communications from Clearwire to Plaintiff (the "Investor Update" and "Bridge Financing Offer Letters") did not establish "purposeful availment" by the Individual Defendants. *See* P. Mem. at 9-12. Once again, Plaintiff's contentions provide no basis to modify the Court's prior judgment.

*First*, Plaintiff has already made, and the Court has already properly rejected, the argument that the Investor Update and Bridge Financing Offer Letters — sent by Clearwire, *not by the Individual Defendants* — constituted purposeful availment by the Individual Defendants. *See* P. Opp. Mem. at 31-34; Compl. ¶¶ 13-14; Tr. at 36; *Cardinale*, 2008 WL 647521, at *12 ("The Investor Update and Bridge Financing Offer Letters mailed by Clearwire in connection with C Round Financing similarly do not establish jurisdiction."). Plaintiff may not now rehash the same argument under the guise of a Rule 59(e) motion. *See, e.g., Castro*, 2007 WL 2955638, at *1; *supra* at 4.

*Second*, Plaintiff's assertion that the Court's carefully reasoned finding that the Bridge Financing Offer Letters and the Investor Update were insufficient to establish purposeful availment was "manifest legal error" is frivolous. Plaintiff simply ignores the dispositive fact underlying the Court's holding: the Bridge Financing Offer Letters and the Investor Update were not communications by the Individual Defendants into Rhode Island; those communications were sent *by Clearwire* (which is not a party to this action). *See Cardinale*, 2008 WL 647521, at *12. Therefore, the cases cited by Plaintiff for the proposition that deliberate misrepresentations

directed towards a state by a *defendant* are sufficient to confer jurisdiction over that defendant are inapposite. *See* P. Mem. at 10-11 (collecting cases).[3]

Likewise, Plaintiff's reliance on cases finding purposeful availment where defendants have deliberately reached out to a specific in-state plaintiff (P. Mem. at 10-11) is misplaced here. The Bridge Financing Offer Letters and the Investor Update were circulated to all of Clearwire's shareholders and were only received by Plaintiff in Rhode Island because of Plaintiff's residence in this state. *See Cardinale*, 2008 WL 647521, at *12.

In sum, Plaintiff has not demonstrated any manifest error of law in the Court's finding that there was no purposeful availment by the Individual Defendants.

### C. General Jurisdiction Over GS Group Does Not Confer Personal Jurisdiction Over the Individual Defendants

Plaintiff also appears to renew its bootstrap argument that the existence of general jurisdiction over GS Group somehow subjects the Individual Defendants to personal jurisdiction. As was already fully argued (Tr. at 4-5), and as this Court properly recognized, the law is clear that Plaintiff must establish an *independent* basis for jurisdiction over *each* of the Defendants. *See, e.g., Escude Cruz v. Ortho Pharma. Corp.*, 619 F.2d 902, 906 (1st Cir. 1980) (plaintiff must establish independent basis for jurisdiction over each defendant; "generally, jurisdiction over the individual officers of a corporation may not be based only on jurisdiction over the corporation").

The fact that there is general jurisdiction over GS Group, an entity which had no involvement in the underlying dispute and does not employ the individuals that did, has no

---

3 Additionally, almost all of those cases found purposeful availment where the claims arose out of a *contractual relationship* with an in-state plaintiff. *See Digital Equip. Corp. v. Altavista Tech., Inc.*, 960 F. Supp. 456 (D. Mass. 1997); *New Life Brokerage Services, Inc. v. Cal-Surance Assocs., Inc.*, 222 F.Supp.2d 94 (D. Me. 2002); *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661 (1st Cir. 1972); *Levinger v. Matthew Stuart & Co., Inc.*, 676 F. Supp. 437 (D.R.I. 1988); *Ashton Park Apartments, Ltd. v. Lebor*, 252 F. Supp. 2d 539 (N.D. Ohio 2003). There is no dispute here that there was no contractual relationship between Plaintiff and any of the Defendants, as this Court has already found. *See Cardinale*, 2008 WL 647521, at *5 n.2.

impact on the Court's holding that it does not have personal jurisdiction over the Individual Defendants. Plaintiff does not provide any basis to question that well-established principle, nor does it provide any reason for this Court to reconsider that issue. *See, e.g.*, *Bowling*, 2008 U.S. Dist. LEXIS 6890, at *2-3 (unless there has been a material mistake of law, Rule 59(e) motion cannot be used to reargue previously decided questions).

## II. PLAINTIFF HAS NOT PROVIDED ANY BASIS FOR THE COURT TO REVISIT ITS DECISION TO DECLINE TO EXERCISE PERSONAL JURISDICTION OVER GS GROUP

Despite the perversity of permitting this action to proceed against GS Group alone, Plaintiff asserts that "this Court committed a manifest error of law in failing to exercise jurisdiction over GS Group," and should therefore reconsider its decision. P. Mem. at 5. Specifically, Plaintiff argues that (i) the Individual Defendants' affiliation with GS Group and "affiliates of GS Group in New York and London" establishes jurisdiction over GS Group; and (ii) the so-called "gestalt factors" of the jurisdictional analysis support the exercise of jurisdiction over GS Group. *See* P. Mem. at 4-5. Neither of these assertions provides any basis to modify the Court's judgment under Rule 59(e). Indeed, as discussed *supra*, the Court properly declined to exercise jurisdiction over GS Group, an entity that engaged in absolutely no conduct related to the underlying dispute.

### A. The Court Correctly Determined That The Individual Defendants' Relationship with GS Group Does Not Provide A Basis For The Assertion Of Personal Jurisdiction Over GS Group

Plaintiff's assertion that the Individual Defendants' relationship with GS Group merits reconsideration of the Court's refusal to exercise personal jurisdiction over GS Group is plainly wrong for several independent reasons.

*First*, Plaintiff's contention that the Individual Defendants' conduct somehow *creates* jurisdiction over GS Group (P. Mem. at 4-5) is irrelevant. There is no dispute that this Court has personal jurisdiction over GS Group. The question is whether the *exercise* of such jurisdiction in this case would be reasonable, given Plaintiff's failure to identify *any* conduct by GS Group — let alone activities in Rhode Island — relating to Plaintiff's claims.

*Second*, Plaintiff has already made, and the Court has already rejected, the argument that the Individual Defendants' affiliation with GS Group merits the exercise of jurisdiction over GS Group. In opposing Defendants' jurisdictional motion to dismiss, Plaintiff repeatedly asserted that "the acts of its agents, the Individual Defendants, may be imputed to GS Group for jurisdictional purposes." P. Opp. Mem. at 26 n.17; *see also* Tr. at 24-30. The Court expressly recognized that argument, but disagreed with it:

> Plaintiff has not made any allegation against GS Group, instead predicating GS Group's liability, if any, on the activities of the Individual Defendants. Given that the Court lacks personal jurisdiction over the Individual Defendants ... the Court sees no justification to allow the action to proceed against GS Group.

*See Cardinale*, 2008 WL 647521, at *5 n.3; *see also* Tr. at 29:1-12 ("it sounds like Goldman Sachs is named as sort of this global entity, and you're tying them in through the individual defendants ... but defendant's point is that you haven't tied Goldman Sachs to any of the allegations in the complaint. So I guess your response to that is, well, they're tied to it through all of these other defendants."). Rule 59(e) does not allow Plaintiff to relitigate that issue simply because it lost the first time around. "[A] motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected." *Amburguey*, 2007 WL 2028954, at *1; *see also supra* at 4.

*Third*, Plaintiff's citation to three press releases (P. Mem. at 4) does not change the analysis. As a threshold matter, Plaintiffs' belated attempt to introduce the press releases is impermissible. The referenced press releases were issued between 2000 and 2004 — years before this action was commenced — and Plaintiff concedes that the releases "are public records found on Goldman Sachs' website." P. Mem. at 4. As the First Circuit made clear in virtually identical circumstances, the introduction of information previously available to a plaintiff does *not* support reconsideration:

> [Rule 59(e)] does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment . . . [Plaintiff] stated that the notice was "information that was available to anyone" as it was posted "on the internet." [Plaintiff] has offered no persuasive reason for waiting until after the entry of judgment to search the internet for publicly available documents that could have supported his claim.

*Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005) (citations omitted).

In any event, even if the Court were inclined to consider the press releases, they simply confirm that the Individual Defendants were employed by *affiliates* of GS Group, *not* GS Group itself. That fact is neither new (it was sworn to by each Individual Defendant in affidavits submitted in support of their dismissal motion) nor in dispute, and the Court has already found it to be insufficient to warrant jurisdiction over GS Group. *See supra* at 4.

### B. The Court Correctly Determined That The Gestalt Factors Do Not Support The Assertion Of Personal Jurisdiction Over GS Group

Plaintiff makes no attempt to hide the fact that its "gestalt factors" argument is a mere rehash of arguments it previously made to this Court in opposition to Defendant's motion to dismiss. Indeed, Plaintiff simply incorporates its prior arguments by reference and claims that

those previously rejected arguments merit reconsideration. *See* P. Mem. at 5 ("With respect to this argument, plaintiff incorporates by reference pages 21-24 of its [brief in opposition to Defendant's dismissal motion] previously filed with the Court.") This tactic is a clear violation of the law governing Rule 59(e) motions and should be summarily rejected. *See, e.g., Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 139 (1st Cir. 2005) (affirming summary denial of Rule 59(e) motion where plaintiffs "merely reiterated the allegations and arguments advanced" in opposition to defendants' successful motion to dismiss for lack of jurisdiction); *supra* at 4.

Similarly, Plaintiff's new contention that jurisdiction over GS Group is warranted because Plaintiff has allowed the applicable statute of limitations to lapse in New York (P. Mem. at 5) is baseless. The First Circuit recently rejected an identical argument, finding that:

> *The argument is exactly backwards.* [Plaintiff] did have an obvious and readily available forum in Massachusetts. The fact that she missed the statute of limitations in Massachusetts does not add to her argument at all. To hold otherwise would encourage plaintiffs to deliberately miss a statute of limitations for purposes of forum manipulation. *Such a practice should be discouraged, not rewarded.*

*Harlow v. Children's Hosp.*, 432 F.3d 50, 68 (1st Cir. 2005) (emphasis added) (affirming dismissal for lack of personal jurisdiction). The same holds true here. *See also Castro*, 2007 WL 2955638, at *1 (Rule 59(e) motion cannot be used to argue new legal theories); *Bogosian v. Woolohajian Realty Corp.*, 323 F.3d 55, 72 (1st Cir. 2003) ("a motion under Rule 59(e) to alter and amend a judgment is not appropriately used to present new issues or evidence: Rule 59(e) motions are aimed at reconsideration, not initial consideration") (citations omitted).

## CONCLUSION

Plaintiff has failed to identify any legitimate basis under Rule 59(e) for this Court to second-guess its entry of judgment. Therefore, Defendants respectfully request that the Court

deny Plaintiff's motion to amend, alter or reconsider its March 5, 2008 entry of judgment pursuant to Rule 59(e).

Respectfully submitted,

April 7, 2008

**THE GOLDMAN SACHS GROUP, INC., GERRY CARDINALE, ROB GHEEWALLA and JACK DALY,**

By their Attorneys,

/s/ Brian J. Lamoureux
William M. Dolan III (#4524)
Wayne F. Dennison, *pro hac vice*
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401.276.2600
401.276.2601 Facsimile
bjl@brownrudnick.com

OF COUNSEL:
Douglas H. Flaum
Shahzeb Lari
Mario A. Moya
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
(212) 859-8000

565069

**CERTIFICATION**

I hereby certify that, on the 7th day of April 2008, I caused this document to be electronically filed with the Clerk of the United States District Court for the District of Rhode Island and it is available for viewing and downloading from the Electronic Case Filing System. The following attorneys received service by electronic means on this 7th day of April 2008:

Matthew T. Oliverio, Esq.
mto@om-rilaw.com

/s/ Brian J. Lamoureux